NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SANTOS MARTINEZ-BARAHONA; GERSON ALEXANDER HERNANDEZ-MARTINEZ; DIEGO GEHOVANNY MARTINEZ, | ) ) ) ) ) ) | No. 07-74645 <br><br> Agency Nos. A099-482-677 <br> A099-482-678 <br> A099-482-679 |
| Petitioners, | ) ) | **MEMORANDUM**[*] |
| v. | ) ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 3, 2010
Seattle, Washington

Before:     B. FLETCHER, FERNANDEZ, and BYBEE, Circuit Judges.

Santos Martinez-Barahona, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' denial of her applications for

_____

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

asylum,[1] withholding of removal,[2] and Convention Against Torture[3] relief.[4]  We

deny the petition.

The BIA's determination that an alien is not eligible for asylum must be

upheld if "'supported by reasonable, substantial, and probative evidence on the

record considered as a whole.'"  INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.

Ct. 812, 815, 117 L. Ed. 2d 38 (1992) (citation omitted).  "It can be reversed only

if the evidence presented . . . was such that a reasonable factfinder would have to

conclude that the requisite fear of persecution existed."  Id.; see also Farah v.

Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).  When an alien seeks to overturn

the BIA's adverse determination, "he must show that the evidence he presented

was so compelling that no reasonable factfinder could fail to find the requisite fear

of persecution."  Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817.  When an

asylum claim is involved, an alien must show either past persecution or a well-

---

[1]8 U.S.C. § 1158.

[2]8 U.S.C. § 1231(b)(3).

[3]United Nations Convention Against Torture and Other Cruel, Inhuman or
Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No.
100–20 (1988), 1465 U.N.T.S. 85 (implemented at 8 C.F.R. § 208.18).

[4]Because the petitions of Martinez's sons, Gerson Hernandez-Martinez and
Diego Gehovanny Martinez, are derivative of hers, we do not consider them
separately.  They stand or fall with hers.  No petition was filed on behalf of her
husband, Oscar Ramos; thus, at most, any claim of his is also derivative.

2

founded fear of future persecution that is "subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Martinez has not met her burden. She did present evidence that when she was living with Henrique Salvador Hernandez, he was abusive and controlling, and that she has heard that he has threatened to take action against her and others. But he never made those threats to her directly,[5] and she never reported any of the incidents to the police. Assuming that the evidence was sufficient to show that she had been persecuted by Hernandez, we hold that it did not compel the BIA to decide that his acts were by the government or by a person it could not or would not control.[6]

Because the BIA correctly determined that Martinez did not meet the requirements for a grant of asylum, it properly determined that she did not meet the requirements for withholding of removal either. See Fisher, 79 F.3d at 960–61, 965; Prasad v. INS, 47 F.3d 336, 340 (9th Cir. 1995).

---

[5]By the way, there is no evidence that he has attempted to carry out any of those threats.

[6]See Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir. 2005); see also Rahimzadeh v. Holder, 613 F.3d 916, 920–21 (9th Cir. 2010). In fact, the government had imprisoned him for other bad acts.

3

Finally, there is no evidence in the record that would compel a determination that it is more likely than not that Martinez would be tortured in El Salvador by or with the acquiescence of government officials.  Thus, she is not entitled to CAT relief.  See Wakkary v. Holder, 558 F.3d 1049, 1067–68 (9th Cir. 2009); Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir. 2006).

Petition DENIED.